FILED
JAN 3 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO ANTIONE WELCH, Inmate Booking No. 16164431, Plaintiff, v. UCSD HOSPITAL, Defendant. | Case No.: 3:16-cv-02884-BEN-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** and<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Rico Antione Welch ("Plaintiff"), currently housed at the George Bailey Detention Center ("GBDC") in San Diego, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

///
///
///
///
///

1

3:16-cv-02884-BEN-BGS

## I.   Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States must satisfy a filing fee requirement. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted an inmate certificate attesting to his trust account balance and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CivLR 3.2. This certificate

---

[1] In addition to the $350 statutory fee for this action, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

shows that Plaintiff has had no average monthly balance, and had no available funds to his credit at the time of filing. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") However, the entire $350 balance for this case must be forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Determining whether

a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.*; *see also Moss v. U. S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

///

B.     **Plaintiff's Allegations**

Plaintiff alleges that on June 18, 2016, he was transported to UCSD Hospital from the East Mesa Detention Facility due to a broken jaw. (*See* Compl. at 3.) After he was admitted, Plaintiff alleges he was "sedated and had surgery." (*Id.*) He later discovered that he had "metal medical wires" in his mouth. (*Id.*) Sometime shortly after his surgery, he was given medication and transported to GBDC where he was housed in the "medical dorm." (*Id.*) Plaintiff was also placed on a liquid food diet. (*Id.*) On July 15, 2016, Plaintiff was removed from the liquid food diet and was transported back to UCSD Hospital to have the wires removed from his mouth. (*Id.*) He was again admitted and sedated. (*Id.*) He claims that when he awoke from sedation he discovered that the wires had been removed. (*Id.*) Approximately two weeks later, on July 29, 2016, Plaintiff claims he purchased apples from the canteen. (*Id.*) Plaintiff noticed that his gums were bleeding and he found that he still had wires in his mouth that had not been removed. (*Id.*) Plaintiff claims that this has caused him "excruciating" pain. (*Id.* at 4.)

He alleges violations of his "right to medical care, access to courts, due process, freedom from cruel and unusual punishment, and malpractice."[2] (*Id.* at 3.) He is seeking both punitive and compensatory damages. (*Id.* at 7.)

///

---

[2]  Even though Plaintiff refers to a number of different constitutional claims, his allegations only involve his claims relating to his medical care. The Supreme Court has held that "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (internal quotation omitted); *accord Albright v. Oliver*, 510 U.S. 266, 272-73 (1994) (noting that when a broad "due process" violation is alleged, but a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing the[] claims." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001). Therefore, the Court will analyze his claims as Eighth Amendment inadequate medical care claims.

### C. Individual Defendants

Plaintiff's only named Defendant is a hospital and he fails to identify any specific individual whom he claims was responsible for the alleged violations of his constitutional rights. Therefore, the Court finds that Plaintiff fails to state a claim upon which § 1983 relief can be granted because he sets forth no individualized allegations of wrongdoing by a specific individual.

Plaintiff's Complaint contains no factual allegations describing what any individual knew, did, or failed to do, with regard to Plaintiff's medical needs. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that a specific individual may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint, as currently pleaded, contains allegations which *Iqbal* makes clear fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### D. Inadequate medical care

Plaintiff has also failed to state a claim based on a delay or denial of medical care. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff's allegations regarding his injury are sufficient to plead the existence of an objectively serious medical need. *McGuckin*, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") However, his Complaint fails to include any further "factual content" to show that any specific Defendant acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Gamble*, 429 U.S. at 104.

The Complaint lacks any specific allegations that any individuals acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." *Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. In fact, the allegations include negligence and medical malpractice, but a § 1983 claim cannot sound merely in negligence. *Farmer*, 511 U.S. at 835 (holding that a mere negligent failure to protect an inmate from harm is not actionable under § 1983); *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."), quoting *McGuckin*, 974 F.2d at 1059. "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons*, 609 F.3d at 1019, citing *Toguchi*, 391 F.3d at 1060.

If Plaintiff wishes to proceed with a claim for deliberate indifference to his serious medical needs based on a lack of adequate medical care, he must identify the individuals who he alleges knew of and deliberately disregarded his serious medical need medical care, as well as how they became aware of that knowledge. Therefore, while the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order, if he can.

*See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### E. State Law Claims

To the extent Plaintiff seeks to include state law claims based on the alleged violation of state law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice because Plaintiff has not identified a violation of a federal law. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over [state law claims] that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . if the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Watch Commander for the GBDC, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Center, 446 Alta Road, Suite 5300, San Diego, CA 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended

Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

    5.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

DATED: January ___, 2017

HON. ROGER T. BENITEZ
United States District Judge