# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO ANTIONE WELCH, CDCR #AX-7756,<br><br>        Plaintiff,<br><br>v.<br><br>UCSD HOSPITAL,<br><br>        Defendants. | Case No. 16-cv-02884-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**AND**<br><br>**(2) GRANTING LEAVE TO AMEND** |

## I. PROCEDURAL HISTORY

On November 18, 2016, Rico Antione Welch ("Plaintiff"), formerly housed at the George Bailey Detention Center ("GBDC") in San Diego, California, and proceeding *pro se*, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On January 3, 2017, this Court granted Plaintiff's motion to proceed IFP and simultaneously dismissed the Complaint for failure to state a claim upon which relief could be granted. (ECF No. 4.) Plaintiff was granted forty-five (45) days with leave to file an amended pleading to correct the pleading deficiencies the Court identified. (*Id.* at 8–9.)

On May 23, 2018, long after the time period provided by the Court to amend passed, Plaintiff was permitted to file his First Amended Complaint ("FAC") on the docket by then presiding Judge Benitez. (ECF No. 7.) The FAC states that Plaintiff is currently housed as a state inmate at the Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 1.) After Judge Benitez recused from the case on June 4, 2018, the matter was transferred to this Court's docket. (ECF No. 8.)

## II. *SUA SPONTE* SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

As the Court indicated in its January 3, 2017 Order, "[t]he Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." (ECF No. 4 at 3 (citing 28 U.S.C. §§ 1915(e)(2) and 1915A(b)).) The Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.*; *see also Moss v. U. S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine

whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In June 2016, Plaintiff alleges that he "got into an altercation" while housed at the "East Mesa Detention Facility" that resulted in Plaintiff having a "broken jaw." (FAC at 3.) Plaintiff was transported to the UCSD Medical Center where he received surgery and "metal wires" were placed in his mouth. (*Id.*) Following the surgery, Plaintiff was "transferred back to a medical dorm at the George Bailey Detention Facility." (*Id.*) A week later, Plaintiff was "released" from "incarceration." (*Id.*) Plaintiff returned to the

UCSD Medical Center to have the "wires removed." (*Id.*) Several "months later," Plaintiff learned that some "barely noticeable" wire remained in his "gum line" causing him "excruciating pain." Plaintiff "thought [his] insurance would cover a safe performance of this medical procedure but it did not." (*Id.*) Plaintiff claims that he has "unbearable" pain in his mouth and he is able to "only eat certain foods that are soft due to the pain." (*Id.*) Plaintiff also alleges that he is only able to "brush [his] teeth in the morning" because of the pain causing "brown stains" on his teeth. (*Id.*) Plaintiff alleges that he learned of the wire that remained in his mouth when he was incarcerated and housed at the San Diego County Jail again. (*See id.* at 4.) Plaintiff was sent to "Tri-City Medical Center" to confirm the existence of the "remaining metal" but the "County Jail confirmed" that they could not perform the procedure to remove the metal. (*Id.*) Plaintiff alleges he submitted "medical requests" while he was housed at the County Jail. (*Id.*) Plaintiff does allege that the "remaining metal has been removed," following his sentencing, by medical staff at the "California Rehabilitation Center." (*Id.*)

### C. Individual Defendants

Plaintiff's only named defendant is a hospital and he fails to identify any specific individual whom he claims was responsible for the alleged violations of his constitutional rights. Therefore, the Court finds that Plaintiff fails to state a claim upon which Section 1983 relief can be granted because he sets forth no individualized allegations of wrongdoing by a specific individual.

Plaintiff's FAC contains no factual allegations describing what any individual knew, did, or failed to do, with regard to Plaintiff's medical needs. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Without some specific "factual content" that might allow the

Court to "draw the reasonable inference" that a specific individual may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his FAC, as currently pleaded, contains allegations which *Iqbal* makes clear fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### D. Inadequate medical care

Plaintiff has also failed to state an Eighth Amendment claim based on a delay or denial of medical care. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). Plaintiff claims in his FAC that unnamed medical personnel at UCSD Hospital failed to properly conduct a surgical procedure to remove the metal wires in his mouth. (*See* FAC at 3–4.) However, Plaintiff also acknowledges that he was not incarcerated or detained when he underwent this procedure. (*See id.* at 3.) "The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,'" and therefore "the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 (1977)). Here, Plaintiff was neither a prisoner, nor a detainee at the time he returned to undergo the procedure he claims was inadequate at UCSD Hospital and thus, neither the Eighth or Fourteenth Amendment apply to Plaintiff's claims.

To the extent that Plaintiff suggests he was denied adequate medical treatment when he was later housed at the San Diego County Jail, Plaintiff must provide specific factual allegations to support that claim which show a violation of constitutional rights. The allegations in the FAC include negligence and medical malpractice, but a Section 1983 claim cannot sound merely in negligence. *Farmer*, 511 U.S. at 835 (holding that a mere negligent failure to protect an inmate from harm is not actionable under § 1983); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment

5

rights."). Even if Plaintiff were to claim that his constitutional rights were violated when he was housed at the County Jail, the FAC lacks any specific allegations that any San Diego County Jail individuals acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." *Farmer* v. *Brennan*, 511 U.S. 825, 837 (1994); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. If Plaintiff wishes to proceed with a claim for deliberate indifference to his serious medical needs based on a lack of adequate medical care, he must identify the individuals whom he alleges were involved and provide sufficient allegations of their knowledge. The Court will provide Plaintiff with a final opportunity to address the pleading deficiencies discussed in this Order, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.  CONLUSION & ORDER

For the foregoing reasons, the Court hereby:

1. **DISMISSES** Plaintiff's FAC for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's amended complaint shall be filed **no later than August 2, 2018**. This deadline will be strictly enforced by the Court given the length of time in which this case has been pending since its initial filing without proceeding past the pleading stage and Plaintiff's over year-long delay in amending the original complaint after notice of pleading

6

deficiencies.  <u>Failure to file an amended complaint by this deadline will result in dismissal of the Complaint without prejudice.</u>

    2.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

    **IT IS SO ORDERED.**

**DATED:  June 19, 2018**

Hon. Cynthia Bashant
United States District Judge